IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Bellavia,

          Petitioner,

-vs-

J. Coakley, *Warden*,

          Respondent.

Case No. 4:14 CV 689

MEMORANDUM OPINION
AND ORDER

JUDGE JACK ZOUHARY

## INTRODUCTION

*Pro se* Petitioner Robert Bellavia filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is incarcerated at FCI-Elkton, serving a 30-year sentence imposed by the U.S. District Court for the Northern District of Illinois. *See United States v. Bellavia*, No. 1:90-cr-00087-4 (N.D. Ill. 1990).

Petitioner now asks this Court to set aside his sentence, arguing it is invalid based on the Supreme Court's holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). For the reasons set forth below, the Petition is dismissed because this Court lacks jurisdiction under Section 2241.

## BACKGROUND

This case stems from Petitioner's involvement with a Chicago gang. In 1992, a jury convicted Petitioner of racketeering conspiracy, gambling conspiracy, and operating an illegal blackjack gambling operation. The district court sentenced Petitioner to an aggregate term of 30 years of

imprisonment. Petitioner received a 3-level enhancement for his role in the gang because he acted as a supervisor or manager. *See United States v. Infelise*, 835 F. Supp. 1466, 1489 (N.D. Ill. 1993). The district court sentenced Petitioner to consecutive terms of twenty years for the racketeering conspiracy, five years for the gambling conspiracy, and five years for the blackjack operation.

The Seventh Circuit affirmed his conviction and sentence on direct appeal. *See United States v. DiDomenico*, 78 F.3d 294 (7th Cir. 1996). The Supreme Court denied certiorari. 519 U.S. 1006. Petitioner then filed his first motion to vacate pursuant to 28 U.S.C. § 2255 in November 1997, which the district court denied. *See Bellavia v. United States*, 1999 WL 446695 (N.D. Ill. 1999). A second motion to vacate was filed in July 2013, but was dismissed because Petitioner failed to first seek leave from the Seventh Circuit as required by 28 U.S.C. § 2244(b)(3).

Petitioner now argues the Supreme Court's recent decision in *Alleyne* requires that any facts supporting a sentence enhancement should have been admitted by him or submitted to a jury. Petitioner contends the district court improperly enhanced his sentence in light of *Alleyne*. Petitioner argues the enhancements must be set aside and his sentence vacated.

### STANDARD OF REVIEW

This matter is before this Court for initial screening under 28 U.S.C. § 2243. At this stage, allegations in the Petition are taken as true and liberally construed in Petitioner's favor. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Because Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by counsel. *See Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, as discussed below, this Court lacks subject-matter jurisdiction over the Petition.

**DISCUSSION**

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence must be filed in the sentencing court under 28 U.S.C. § 2255. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curium). However, the "savings clause" in Section 2255(e) allows a federal prisoner to bring a Section 2241 claim challenging his conviction or sentence, if it appears that the remedy afforded under Section 2255 is "inadequate or ineffective to test the legality of his detention." *Id*. A federal prisoner may not, however, utilize the Section 2255(e) savings clause to challenge a conviction and sentence under Section 2241, "if it appears that the applicant has failed to apply for relief, by [a Section 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles*, 180 F.3d at 758.

Petitioner twice availed himself of the remedies provided by Section 2255 before the sentencing court in the Northern District of Illinois. He has not established why Section 2255 is now inadequate for him to challenge the imposition of his sentence in light of *Alleyne*. Section 2255 is not considered inadequate or ineffective merely because a Section 2255 motion has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), or because Petitioner is procedurally barred from pursuing relief under Section 2255, *see In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997), or because he has been denied permission to file a second or successive motion to vacate, *see In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). None of these obstacles establish that Petitioner's failure to file another Section 2255 motion is either inadequate or ineffective.

3

Petitioner attempts to use Section 2241 to circumvent his procedural default under Section 2255 by raising an actual innocence claim. The nature of his actual innocence is based on the *Alleyne* decision and the Eleventh Circuit's decision in *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013). However, Section 2255 remedies are only considered inadequate or ineffective where defendants have "shown an intervening change in the law that establishes their actual innocence." *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Although Petitioner uses the phrase "actual innocence," he is applying that term to the sentence imposed rather than the crime for which he was convicted. Courts have confined the savings clause to situations in which a subsequent change in law makes a petitioner's conduct non-criminal; the savings clause does not apply to those petitioners only challenging their sentence. *See, e.g., In re Jones*, 226 F.3d 328, 333–34 (5th Cir. 2000).

The activity in which Petitioner engaged was illegal at the time he was indicted and remains illegal after *Alleyne*. *Alleyne* required that "any fact that increases the mandatory minimum term of a sentence is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. When the Supreme Court decided *Alleyne*, it simply provided a "bookend" to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which addressed judicial fact-finding for statutory maximum sentences. The Court in *Alleyne* held that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." *Id*. In other words, "*Apprendi's* definition of 'elements' necessarily includes not only facts that increase the ceiling, but also those that increase the floor." *Id*. at 2158 (plurality opinion). These determinations affect the length of time a criminal defendant will serve if he is convicted of a crime, not whether he engaged in criminal behavior. Because Petitioner only challenges the calculation and implementation of his sentence after *Alleyne*, Petitioner cannot argue actual innocence.

4

**CONCLUSION**

Based on these facts, the Petition (Doc. 1) is dismissed for lack of jurisdiction. Petitioner's Motion for Expedited Consideration (Doc. 3) is denied as moot in light of this ruling. This Court further declines to issue a certificate of appealability, finding Petitioner has not made a substantive showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 25, 2014